## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

2015 FEB 25  P 1: 47

| | | |
|---|---|---|
| Donald E. Lamon, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 8:13-2625-RMG |
| vs. | ) | |
| | ) | |
| Carolyn W. Colvin, Commissioner | ) | |
| of Social Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of

the final decision of the Social Security Commissioner denying his claim for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b)

and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for

pre-trial handling. The Magistrate Judge issued a Report and Recommendation on January 29,

2015, recommending that the Commissioner's decision be reversed and remanded. (Dkt. No.

25). The Commissioner filed objections to the Report and Recommendation. (Dkt. No. 27). As

further set forth below, the Court adopts the R & R of the Magistrate Judge, as further elucidated

by this Court, reverses the decision of the Commissioner, and remands the matter to the agency

for further action consistent with this order.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

-1-

determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. The regulation, known as the "Treating Physician Rule," imposes a duty on the Commissioner to "evaluate every medical opinion we receive." 20 C.F.R. § 404.1527(c). The Commissioner "[g]enerally . . . give[s] more weight to opinions from . . .

-2-

treating sources" based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Further, the Commissioner "[g]enerally . . . give[s] more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." *Id.* § 404.1527(c)(1).

Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of specifically identified factors, including the examining relationship, the nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician is a specialist. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996).

## Discussion

Plaintiff asserts that he is disabled under the Social Security Act because of back and left lower extremity paresthesia and pain which arose from an electrocution injury suffered on the job on June 1, 2007. Plaintiff asserts disability since the date of his electrocution injury but another important date in this matter is August 5, 2008, which is the date Plaintiff turned 50 years of age. Under Social Security regulations, Plaintiff, upon reaching the age of 50, would likely be deemed

-3-

disabled if his impairments limit him to no more than sedentary work. 20 C.F.R., Pt. 404, Subpt.

P, App. 2, §§ 201(g), 201.12. Thus, the determination of whether Plaintiff has the capacity to

performing greater than sedentary work is critical to the outcome of this case, particularly for the

period from June 5, 2008, forward.

The Administrative Law Judge ("ALJ") concluded that Plaintiff retained the residual

functional capacity (RFC) to perform light work. Transcript of Record ("Tr.") 22. In reaching

that conclusion, the ALJ relied on the opinions of two non-examining and non-treating

physicians, Dr. Sharon Eder and Dr. Neal Berner. Tr. 24-25. Dr. Eder concluded that Plaintiff

could stand and/or walk six hours in an eight hour day. Tr. 458. Dr. Berner noted that one of

Plaintiff's treating physicians, Dr. Bryan Andresen, opined Plaintiff was limited to sedentary or

light duty, and he recommended giving "partial weight" to Dr. Andresen's opinion by finding

that Plaintiff was capable of light duty. Tr. 477. Dr. Eder's report was prepared on December 9,

2009, and Dr. Brener's report was prepared on April 20, 2010. Tr. 458, 477.

Dr. Andresen, a rehabilitation medicine specialist, began treating Plaintiff in January

2010, which was subsequent to the preparation of Dr. Eder's report and only a few months before

the preparation of Dr. Berner's report. Tr. 474-75. Dr. Andresen examined Plaintiff more than a

dozen times between January 2010 and September 2011 and made detailed findings regarding

Plaintiff's persistent and severe left lower extremity pain, onset of severe left superior gluteal

pain (first documented on May 17, 2010), hypersensitivity to light touch and worsening pain that

required the administration of narcotic pain medications in September 2011. Tr. 520, 521, 522,

524, 525, 526, 527, 528, 530, 531, 532, 533, 534, 575. Dr. Andresen documented on December

21, 2010, that Plaintiff had such severe left lower extremity pain that he had built a box to

-4-

prevent the touching of his foot and toes. Tr. 531. Dr. Eden had no access to Dr. Andersen's

treatment records in preparing her report, and Dr. Berner had at most access to records of three of

the 14 office visits.

Dr. Andresen prepared responses to a questionnaire on October 28, 2011, in which he

opined that Plaintiff could perform "a sedentary/light duty capacity job" so long as the job

"would allow changing of his station" and he could avoid "prolonged standing or walking." Tr.

579. The ALJ referenced Dr. Andresen's opinion regarding no "prolonged standing or walking"

but did not address why the limitation on prolonged standing or walking was not made part of the

Plaintiff's RFC. Dr. Andresen's concerns regarding Plaintiff's ability to tolerate prolonged

standing or walking was corroborated by other entries in the records, indicating Plaintiff

developed burning and numbness if he stood longer than 10 minutes, was able to stand only 15

minutes at a time and only two hours during a four hour evaluation, and was able to stand two

hours in an eight hour day. Tr. 337, 376, 392.

The Commissioner acknowledges that the ALJ failed to address that portion of Dr.

Andresen's opinion regarding the limitation on prolonged standing or walking, but argues this

was an immaterial oversight of no practical consequence. (Dkt. No. 27 at 1-3). The Magistrate

Judge, in recommending reversal and remand, correctly noted that the issue of Plaintiff's ability

to stand or walk six hours in an eight hour day is an essential element of a claimant's ability to

perform light work. *See*, SSR 83-10, 1983 WL 31251 (1983). If the ALJ seeks to reject the

opinion of Plaintiff's primary treating specialist on the issue of his patient's ability to tolerate

prolonged standing and walking, he must set forth "good reasons" for rejecting this critical

opinion under the standards of the Treating Physician Rule and refer to specific portions of the

-5-

record to support that finding. §404.1527(c); SSR 96-2P. This is part of the Commissioner's obligation to consider all medical evidence and opinions of all medical sources under the claimant friendly standards of the Treating Physician Rule. This was clearly not done here, and the Magistrate Judge correctly recommended that the decision of the Commissioner should be reversed and remanded to the agency.

### Conclusion

The Court adopts the well-reasoned opinion of the Magistrate Judge (Dkt. No. 25) as the order of the Court, with further elucidation as set forth herein. In light of the prolonged nature of the administrative and judicial processing of this disability claim, now over four and one-half years, the Commissioner is directed to conduct an administrative hearing in this matter within 90 days of this order and to produce an ALJ opinion within 120 days of this order. The decision of the Commissioner is reversed pursuant to 42 U.S.C. § 405(g) and remanded to the agency for further action consistent with this order.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
February 25, 2014